UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                    Plaintiff,

-against-

The STATE OF NEW YORK; ELIOT SPITZER[1], Governor          Civil Action No.
of the State of New York; the NEW YORK STATE BOARD           5:04-CV-00428
OF ELECTIONS; PETER S. KOSINSKI, Deputy Executive             (NAM/DEP)
Director of the New York State Board of Elections; the
UNIVERSITY OF THE STATE OF NEW YORK; The NEW
YORK STATE EDUCATION DEPARTMENT; RICHARD
P. MILLS, President of the University of the State of New
York and Commissioner of the New York State Education
Department; The STATE UNIVERSITY OF NEW YORK;
ROBERT L. KING, Chancellor of the State University of New
York; The CITY UNIVERSITY OF NEW YORK; and
MATTHEW GOLDSTEIN, Chancellor of the City University
of New York, NATIONAL COALITION FOR STUDENTS WITH
DISABILITIES EDUCATION AND LEGAL
DEFENSE FUND,

                                    Defendants.

_____

**APPEARANCES:**                                    **OF COUNSEL:**

ANDREW M. CUOMO                                    Deborah A. Ferro, Esq.
Attorney General of the State of New York          Assistant Attorney General
*Attorney for Defendant*
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, ESQ.                             Paula Ryan Conan, Esq.
United States Attorney for the                     Assistant U.S. Attorney
 Northern District of New York
100 South Clinton Street
Syracuse, New York 13261-7198

R. ALEXANDER ACOSTA                                Joseph D. Rich, Esq.
Assistant Attorney General                         Rebecca J. Wertz, Esq.
U.S. Department of Justice                          Richard Dellheim, Esq.
Civil Rights Division - Voting Section
950 Pennsylvania Avenue, N.W./NWB
Room 7254
Washington, D.C.  20530

_____

[1]

The Court substitutes recently elected Governor Spitzer for his predecessor, George Pataki, who was
originally named a defendant pursuant to Fed. R. Civ. P. 25(d)(1).

NORMAN A. MORDUE, Chief Judge

## MEMORANDUM-DECISION AND ORDER

## I.      INTRODUCTION

The United States has sued the State of New York, various of its elected and appointed officials, the University of the State of New York and the New York State Education Department ("NYSED") alleging defendants are in violation of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. 1973gg, *et seq*.  NVRA requires each state to "designate agencies for the registration of voters in elections for Federal office[,]" 42 U.S.C. § 1973gg-5(a)(1), and specifically requires that "all offices in the state that provide State-funded programs primarily engaged in providing services to persons with disabilities" be so designated.  42 U.S.C. § 1973gg-5(a)(2)(B).[2]  Plaintiff alleges that defendants have violated NVRA by failing to designate disability services offices ("DSOs") which serve disabled students on the campuses of state-funded colleges and universities as mandatory voter registration offices within the meaning of 42 U.S.C. § 1973gg-5(a)(2)(B).  The complaint seeks declaratory and injunctive relief.

The case *sub judice* was filed subsequent to another action in this District, *Nat'l Coalition For Students with Disabilities Educ. and Legal Def. Fund v. Wilkey*, Civ. Action No. 1:00-CV-01686, brought by a disabled student organization for primarily the same relief, with the addition of costs and attorneys fees.  Therein the plaintiff asserted, as does the United States here, that NVRA requires colleges and universities within the State University

---

[2]

An agency so designated must distribute mail voter registration applications, assist applicants in completing voter registration applications, accept completed applications and transmit them to state election officials.  *See* 42 U.S.C. 1973gg-5(a)(4)(A).

of New York ("SUNY") and the City University of New York ("CUNY") to designate DSOs as mandatory voter registration agencies.  This Court dismissed the complaint in *Nat'l Coalition* based upon the plaintiff's lack of standing without reaching the merits of the plaintiff's claims under  NVRA.

On or about the date that the United States filed the complaint in this action, counsel for New York State advised the Court that SUNY and CUNY had filed requests with the Board of Elections to voluntarily designate DSOs on the 34 fully state operated SUNY and CUNY campuses which are part of the SUNY system (not including 30 locally sponsored community colleges) as voter registration sites.  The State's counsel, however, emphasized that the voluntary designation of DSOs as voter registration sites did not moot the substantive legal issue to be decided herein, that is, whether NVRA **mandates** that DSOs must be so designated.  Presently before the Court is defendants' motion to dismiss claims against indispensable parties or add necessary parties, and to dismiss improper parties from the action.  Specifically, the State seeks dismissal of all claims against defendants Spitzer, Mills, King, Goldstein, NYSED, and the University of the State of New York ("SUNY Corporation"), whom defendants assert are improper parties.  In addition, defendants seek an order adding the local community colleges which are part of the SUNY and CUNY systems as necessary parties, or, in the alternative, dismissing the action as against these entities based upon plaintiff's failure and refusal to join those necessary parties prior to the deadline set forth in the Court's scheduling order.

In response to defendants' motion, the United States has consented to dismissal of the claims against defendants King and Goldstein, as chancellors of SUNY and CUNY.  Plaintiff

-3-

opposes the balance of defendants' motion.

## II.    DISCUSSION

A.      Motion to Dismiss Improper Parties

1.      Applicable Standard of Review

The standard applicable to motions to dismiss are well-settled.  On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept the allegations of the complaint as true, and draw all reasonable inferences in favor of the nonmoving party.  *See Grandon v. Merrill Lynch & Co.,* 147 F.3d 184, 188 (2d Cir. 1998); *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir. 1995).  In addition, the Court may not dismiss the complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nettis v. Levitt,* 241 F.3d 186, 191 (2d Cir. 2001) (quotation omitted).  Therefore, the issue before the Court on such a motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *King v. Simpson,* 189 F.3d 284, 287 (2d Cir. 1999) (quoting *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir. 1995)).

When a defendant moves to dismiss for lack of subject matter jurisdiction, however, a different standard is applied.  In considering a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), federal courts "need not accept as true contested jurisdictional allegations." *Jarvis v. Cardillo,* Civil Case No. 98-5793, 1999 WL 187205, at * 2 (S.D.N.Y. Apr. 5, 1999).  Rather, a court may resolve disputed jurisdictional facts by referring to evidence outside the pleadings.  *See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi,* 215 F.3d 247, 253 (2d Cir. 2000); *Filetech S.A. v. France Telecom S.A.,* 157 F.3d

922, 932 (2d Cir. 1998).  As the party "seeking to invoke the subject matter jurisdiction of the district court," plaintiff bears the burden of demonstrating that there is subject matter jurisdiction in this case. *Scelsa v. City Univ. of New York,* 76 F.3d 37, 40 (2d Cir. 1996).

2.      Governor Spitzer

The State moves for dismissal of all claims against the defendant Governor on the ground that the State of New York is the real party in interest as it is the state legislature, not the Governor, which enforces NVRA.  Plaintiff contends that the Governor's duty to "take care that the laws are faithfully executed" provides a sufficient connection to enforcement of NVRA.  *See Assoc. of American Med. Colleges v. Carey*, 482 F. Supp. 1358, 1361 (N.D.N.Y. 1980).  Indeed, as noted by defendants, this proposition of law has been soundly rejected by subsequent courts.  *See Warden v. Pataki*, 35 F.Supp2d 354, 359 (S.D.N.Y. 1999), *aff'd sub nom. Chan v. Pataki*, 201 F.3d 430 (2d Cir. 1999) (Governor was not proper party to suit based on "duty under the New York Constitution to take care that the laws are faithfully executed."); *Romeu v. Cohen*, 121 F.Supp.2d 264, 272 (S.D.N.Y. 2000), *aff'd*, 265 F.3d 118 (2d Cir. 2001) (same).  "[W]here the legislative enactment provides that entities other than the executive branch of the state are responsible for implementation of the statute no claim against the Governor lies." *Wang v. Pataki*, 164 F.Supp.2d 406, 410 (S.D.N.Y. 2001).

Plaintiff contends that by virtue of his office, the Governor has particular responsibility over the challenged statute.  However, it is clear that primary responsibility for implementation and enforcement of the statute rests with the New York State Legislature.  Plaintiff points to no responsibilities the Governor has under NVRA short of his duty to appoint the State's "chief election official."  The United States cites no legal authority which

suggests that the Governor has any responsibility to direct or manage the duties of the state's chief election officer.  Plaintiff's reliance on *Donohue v. Bd. of Elections of State of New York*, 435 F.Supp. 957, 963 (E.D.N.Y. 1976) is misplaced since that case concerned enjoining alleged unconstitutional acts on the part of the state's governor.  Here, plaintiff is seeking to compel the Governor to take action under a statute he has no legal obligation or authority to implement or enforce.  The Court is not persuaded by plaintiff's argument that further discovery will aid in ascertaining the full scope of the Governor's inherent statutory authority under NVRA.  Since the complaint fails to allege that the Governor has any connection with implementation or enforcement of the statute, other than his obligation to appoint a chief election officer and his general duty to ensure the laws are faithfully executed, he is immune from suit.

3.      Peter Kosinski

        The State contends that Mr. Kosinski, as New York's Chief Election Officer under NVRA, has no authority to "unilaterally" designate mandatory voter registration offices and thus is an improper party herein.  The natural corollary of this argument is that Kosinski has **some** authority, shared or otherwise, over implementation and/or enforcement of NVRA.  In *Ex Parte Young*, the Supreme Court held that a state official may be joined as a defendant to a suit to restrain the enforcement of an allegedly unconstitutional statute if that official "by virtue of his office has some connection with the enforcement of the act." 209 U.S. 123, 157 (1908); *see also Mendez v. Heller*, 530 F.2d 457, 460 (2d Cir. 1976).  It is the existence of "some connection" that is the "important and material fact, and whether it arises out of the general law, or is specially created by the act itself is not material so long as it exists." *Ex*

*Parte Young*, 209 U.S. at 157.  At this stage in the proceedings and on this record, the Court cannot ascertain the full extent of Kosinski's obligations insofar as implementation and enforcement of NVRA, but "it cannot [yet] be said that plaintiff[] can prove no set of facts in support of [its] claim." *Deary v. Guardian Loan Co.*, 563 F.Supp. 264, 266 (S.D.N.Y. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-66 (1957)).

4.      SUNY Corporation and the New York State Education Department

The State contends that Richard Mills, president of the SUNY Corporation and Commissioner of NYSED, along with both of these state agencies are improper defendants since they cannot "compel a locally sponsored community college's board of trustees to designate any disabled student services office on their campuses as mandatory voter registration sites."  Again, the Court notes that a natural inference from this qualified reference is that these named defendants have **some** control or authority over the state operated SUNY and CUNY campuses which are also contemplated in this action.  As officials or agencies with authority to implement or enforce an order of this Court declaring the State in violation of NVRA for failure to designate DSOs as mandatory voter registration offices, these defendants are proper parties.

As a further matter, it is far from clear on this record what the precise difference is between the 34 fully state operated SUNY and CUNY campuses which are "part of the SUNY Corporation" and the 30 locally sponsored community colleges which are, according to defendants, mere "members of the SUNY system" insofar as governance by the State. While defendants contend that the community colleges are independent legal entities governed by local boards of trustees with no obligation to follow a directive from the SUNY

Corporation or NYSED concerning NVRA implementation, defendants have submitted conflicting evidence concerning what role the State plays in directing or managing the operation of the community colleges.  For example, while Mr. Frey from NYSED states that SUNY and NYSED "do not have  control over the governance, budget or staffing decisions at local community colleges," Carol Eaton, who is employed by the SUNY Corporation's System Administration, avers that the trustees of the SUNY Corporation "are responsible for approving the establishment of [community college] programs, curricula and budgets."

Further, while the State argues that under no circumstances would the SUNY Corporation review line items in a community college budget, such as for establishment or funding of a DSO, Ms. Eaton acknowledges that "[i]t is not known whether SUNY Trustees' approval of a community college's budget includes the approval of funds appropriated for the operation of a [DSO.]"  Finally, on the issue of what authority the SUNY Corporation would have to implement or enforce an order of this Court concerning compliance with NVRA by the community colleges, Ms. Eaton states "[i]t is difficult to ascertain when, from my tenure as a community college president to date, of an instance when the community colleges received a memorandum from System Administration that directed the campuses to take a specific action ...."  Ms. Eaton's carefully worded tentative affirmation is hardly firm evidence of the State's contention that the locally sponsored community colleges are beyond the governance of the SUNY Corporation which is "fully integrated" with NYSED.  Based upon the state of the record to date, the Court finds it inappropriate to dismiss plaintiff's claims against the SUNY Corporation, NYSED or the president and commissioner of these respective agencies, Richard Mills.

B.     Motion to Join Indispensable Parties

Fed. R. Civ. P. 19 provides a two-step test for determining whether a court must dismiss an action for failure to join an indispensable party.  First, the court must determine whether an absent party belongs in the suit, i.e., whether the party qualifies as a "necessary" party under Rule 19(a). *See Viacom Intern, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 124 (1968) (quotation omitted).  Rule 19(a) provides that the absent party should be joined, if feasible, where:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).  If a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b).  *See id.* (citing *Assoc. Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1123 (2d Cir. 1990).

But where the court makes a threshold determination that a party is necessary under Rule 19(a), and joinder of the absent party is not feasible for jurisdictional or other reasons, *see* Fed.R.Civ.P. 19(b), the court must finally determine whether the party is "indispensable." If the court determines that a party is indispensable, then the court must dismiss the action pursuant to Rule 19(b).  *See id.* (citing *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677, 681-82 (2d Cir.1996)) (balance of citations omitted).  Rule 19(b) provides:

> [T]he court shall determine whether in equity and good
> conscience the action should proceed among the parties before it,
> or should be dismissed, the absent person being thus regarded as
> indispensable. The factors to be considered by the court include:
> first, to what extent a judgment rendered in the person's absence
> might be prejudicial to the person or those already parties; second,
> the extent to which, by protective provisions in the judgment, by
> the shaping of relief, or other measures, the prejudice can be
> lessened or avoided; third, whether a judgment rendered in the
> person's absence will be adequate; fourth, whether the plaintiff
> will have an adequate remedy if the action is dismissed for
> nonjoinder.

Fed. R. Civ. P. 19(b).

As referenced above, the record is unclear concerning what authority and/or control

the State has over the locally sponsored community colleges which are "members" of the

SUNY system.  Based thereupon, the Court cannot state that the local community colleges are

"necessary" parties within the meaning of Rule 19, let alone "indispensable" parties.  Thus,

joinder of additional parties and/or dismissal of claims based on failure to join indispensable

parties is inappropriate at this time.

## III.    CONCLUSION

Based on the foregoing defendants' motion to dismiss all claims against Governor

Spitzer is hereby GRANTED; and it is further

ORDERED that based upon plaintiff's agreement that the SUNY and CUNY

chancellors should be dismissed from this action, defendants' motion to dismiss all claims

against defendants King and Goldstein is hereby GRANTED; and it is further

ORDERED that defendants' motion to dismiss all claims against  SUNY Corporation,

NYSED or the president and commissioner of these respective agencies, Richard Mills, is

hereby DENIED; and it is further

ORDERED that defendants' motion to add necessary parties or dismiss claims based upon failure to join indispensable parties is hereby DENIED.

IT IS SO ORDERED.

Dated: March 27, 2007
        Syracuse, New York


_____
Norman A. Mordue
Chief United States District Court Judge

-11-