UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,
                               Plaintiff,
    vs.

The STATE OF NEW YORK; ELIOT SPITZER[1], Governor
of the State of New York; the NEW YORK STATE BOARD        5:04-CV-00428
OF ELECTIONS; PETER S. KOSINSKI, Deputy Executive       (NAM/DEP)
Director of the New York State Board of Elections; the
UNIVERSITY OF THE STATE OF NEW YORK; The NEW
YORK STATE EDUCATION DEPARTMENT; RICHARD
P. MILLS, President of the University of the State of New
York and Commissioner of the New York State Education
Department; The STATE UNIVERSITY OF NEW YORK;
ROBERT L. KING, Chancellor of the State University of New
York; The CITY UNIVERSITY OF NEW YORK; and
MATTHEW GOLDSTEIN, Chancellor of the City University
of New York, NATIONAL COALITION FOR STUDENTS WITH
DISABILITIES EDUCATION AND LEGAL
DEFENSE FUND,
                              Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Grace Chung Becker<br>Acting Assistant Attorney General<br>U.S. Department of Justice<br>Civil Rights Division - Voting Section<br>950 Pennsylvania Avenue, N.W./NWB<br>Room 7254<br>Washington, D.C.  20530<br>and | Richard Dellheim, Esq.<br>Mi Yung Claire Park, Esq. |
| Office of the United States Attorney<br>P.O. Box 7198<br>100 South Clinton Street<br>Syracuse, NY 13261-7198<br>*Attorneys for Plaintiff* | Paula Ryan Conan, Esq. |
| Andrew M. Cuomo<br>Attorney General of the State of New York<br>The Capitol<br>Albany, New York 12224<br>*Attorneys for Defendant* | Charles J. Quackenbush, Esq.<br>Assistant Attorney General |

**NORMAN A. MORDUE, Chief U.S. District Judge:**

---

[1] The Court previously substituted Governor Spitzer for his predecessor, George Pataki, who was originally named a defendant pursuant to Fed. R. Civ. P. 25(d)(1).

**MEMORANDUM DECISION AND ORDER**

INTRODUCTION

Plaintiff appeals (Dkt. No. 58) from an order of United States Magistrate Judge David E. Peebles DENYING plaintiff's motion to compel to compel discovery (Dkt. No. 56).  A magistrate judge may issue orders regarding nondispositive pretrial matters; such matters are committed to the discretion of the magistrate judge, and the district court reviews such orders under the "clearly erroneous or contrary to law" standard.  28 U.S.C.  § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).  Moreover, a magistrate judge's resolution of discovery matters is entitled to substantial deference.  *See Surles v. Air France*, 210 F.Supp.2d 502 (S.D.N.Y. 2002).

RELEVANT FACTUAL BACKGROUND

The United States commenced the present action against the State of New York and various other defendants including, *inter alia*, the University of the State of New York ("SUNY"), asserting violations of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. § 1973gg *et seq.*.  In the motion appealed from, the United States sought enforcement of document demands, interrogatories, and requests for admission served upon the defendants and requiring, in essence, that defendants obtain the requested documents and information from the some thirty community colleges located throughout New York State.  As noted in a previous decision in this case it is unclear  what authority and/or control the State has over the locally sponsored community colleges which are "members" of the SUNY system.  While it is clear that the community colleges are in some respects affiliated with SUNY and SUNY does indeed provide some direction and oversight to its community colleges, by virtue of state law and

regulation, each of the community colleges is governed by local administrations and Boards of Trustees.

After conducting oral argument in connection with plaintiff's motion, Magistrate Judge Peebles issued a bench determination denying plaintiff's application. In the order issued thereafter, the Magistrate Judge explained that his denial was based, *inter alia*, upon:

> 1) a finding that plaintiff had failed to sustain its burden of establishing the requisite degree of control by the defendants over the various community colleges necessary to compel their production of the documents and information sought; 2) the obvious and potentially extreme burden associated with the requested production, coupled with the availability of avenues, including through use of the subpoena power under Rule 45 of Federal Rules of Civil Procedure, for plaintiff to acquire the documents and information sought directly from the various community colleges; and 3) the fact that the community colleges were not present and given an opportunity to be heard regarding the relevance of the materials sought, whether they are protected by any recognized privilege, and whether the required search and production would be unduly burdensome.

## DISCUSSION

Upon review of the record and the transcript of the motion hearing before the Magistrate Judge, the Court agrees that plaintiff failed to demonstrate that defendants exercise requisite control over the documents sought by plaintiff as contemplated in Rule 34 of the Fed. R. Civ. Proc.. *See New York ex. rel. Boardman v. Nat'l RR. Passenger Corp.*, 233 F.R.D. 259, 268 (N.D.N.Y 2006) (citing *DeSmith v. Samsung Am., Inc*., 1998 WL 74297, *9 (S.D.N.Y. Feb. 20, 1998) (burden of establishing control over the documents sought rests with the demanding party)). Although "documents are considered to be under a party's control when the party has the right, authority, or practical ability to obtain the documents from a non-party to the action," *Bank of New York v. Meridien BIAO Bank Tanzania, Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997), plaintiff's contention that the state defendants have possession, custody and control of the

documents and information sought by plaintiffs is unsubstantiated. Like the defendant railroad company in *Boardman,* plaintiff's contention that SUNY and the State Education Department has possession, custody, and control of the information it seeks from the community colleges "is supported by nothing more than hypotheses." *Boardman,* 233 F.R.D. at 268.

Plaintiff's argument in this case rested largely on the uncontested fact that SUNY is authorized by state law to request and receive certain "reports" and "information" from its community colleges. According to plaintiff, if this is so, SUNY can surely obtain the voluminous discovery sought in connection with the present litigation. In *Boardman,* the court specifically noted an "array of factors" used to determine whether a party is in possession of documents in order to comply with Fed. R. Civ. Proc. 34 including: (1) the use or purpose to which the materials were employed; (2) whether the materials were generated, acquired, or maintained with the party's assets; (3) whether the party actually generated, acquired, or maintained the materials' use, location, possession, or access; (4) who actually had access to and use of the materials; (5) the extent to which the materials serve the party's interests; (6) any formal or informal evidence of a transfer of ownership or title; (7) the ability of the party to the action to obtain the documents when it wants them; (8) whether and to what degree the nonparty will receive the benefits of any award in the case; and (9) the nonparty's connection to the transaction at issue. 233 F.R.D. at 268, n. 10 (citing 7 MOORE'S FEDERAL PRACTICE §§ 34.14[2][b] & [c][2]). That SUNY is authorized to request and receive certain reports and information is not dispositive of whether SUNY is empowered by statute or regulation to request the broad-based factual discovery sought by plaintiffs herein. Plaintiff failed to present sufficient evidence that the specific information sought by plaintiff concerning details of the provision, management and operation of disabled

4

student services on community college campuses is within the interest or purview of SUNY's role as an apparent oversight agency for higher education in the State of New York.

As a further matter the Court agrees with the assessment of the Magistrate Judge that the requested production is potentially overly burdensome given the obviously broad and generally unspecified nature of a number of plaintiff's requests.  Plaintiff presented no evidence or argument concerning how it is less likely or able to obtain the exact information sought in its discovery motion directly from the community colleges via non-party subpoenas pursuant to Fed. R. Civ. Proc. 45.  Third and finally, the Court agrees with defendants that plaintiff's present circumstances are the natural result of its vehement opposition to the joinder of the community colleges as necessary parties herein.  Plaintiff argues correctly that it was not required to join the community colleges as parties.  Nor was the Court required to grant defendants' motion for such relief since it is uncontested that the community colleges are not an "arm of the state."  As referenced by defendants, the community colleges do not enjoy sovereign immunity under the Eleventh Amendment nor would they be defended or indemnified by the State of New York in this or any other litigation.  Thus, the Court disagrees with plaintiff's contention that the alleged but undefined "close cooperation" and "aligned interests" between SUNY and its community colleges is sufficient to insure that the interests, privileges of the community colleges and its potential objections to plaintiff's discovery demands will be advanced sufficiently by the State.

## CONCLUSION

Based thereupon the Court finds that Magistrate Judge Peebles properly exercised his discretion in denying plaintiff's motion and the order appealed from is not clearly erroneous or contrary to law.

It is therefore

ORDERED that the order (Dkt. No. 56) of United States Magistrate Judge David E. Peebles is affirmed; and it is further

ORDERED that the Appeal of the Magistrate Judge Decision (Dkt. No. 58) is DENIED.

IT IS SO ORDERED.

Date: February 4, 2008
      Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge